UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SAROEUN PHAI,

                  Petitioner,

    v.

MIKE OBENLAND,

                  Respondent.

Case No. 2:13-CV-01047-JLR-BAT

**REPORT AND RECOMMENDATON**

    *Pro se* petitioner Saroun Phai seeks 28 U.S.C. § 2254 habeas relief from his jury-trial conviction for two counts of aggravated first-degree murder with a firearm and sentence of life imprisonment without possibility of parole. Dkt. 16. Mr. Phai raises four grounds for relief: **(1)** there was insufficient evidence to support a robbery aggravating circumstance; **(2)** the trial court failed to instruct the jury sufficiently that it must unanimously agree on the means of the "common scheme" or "single act" aggravating circumstance; **(3)** his judgment and sentence violates the Double Jeopardy Clause because it refers to vacated convictions for first-degree felony murder; and **(4)** Jury Instruction 23 concerning the firearm special verdict forms violated due process because it did not comply with Washington case law. Dkt. 16, at 6–11. The Court recommends **DENYING** Mr. Phai's § 2254 habeas petition and **DISMISSING** this matter because the state-court adjudication of these issues was not contrary to, or an unreasonable

REPORT AND RECOMMENDATON- 1

application of, established Supreme Court authority, and was not based on an unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C. § 2254(d)(1)–(2). The Court also recommends **DENYING** issuance of a certificate of appealability.

## BACKGROUND

According to the facts determined at trial, in July 2007 Mr. Phai and Areewa Saray planned to enter a house at which marijuana was being grown, shoot whomever they encountered, and steal money and marijuana. *See State v. Phai*, 2010 WL 3734059, at *1 (Wash. App. Sept. 27, 2010), *also available at* Dkt. 14 (State Court Record, hereinafter "SCR"), Exh. 13. On July 2, 2007, Mr. Phai and Mr. Saray entered a home, both of them shot and killed Linda Nguyen, then both shot and killed Ms. Nguyen's fiancé Kevin Meas. *Id.* Mr. Phai and Mr. Saray did not, however, get away with money or marijuana because they were interrupted by the house's owner, who had arrived to collect back rent from the victims. *Id.* The house's owner saw Ms. Nguyen lying motionless on the ground before a gun was pointed at his head and the owner was told, "Go, go, go." *Id.* Mr. Phai and Mr. Saray then fled in their car. *Id.*

Mr. Phai was charged (separately from Mr. Saray) with two counts of aggravated first-degree murder with a firearm and two counts of felony murder with a firearm. *Id.* at *3. Mr. Phai was also charged with two aggravating circumstances on the first-degree murder counts: (1) each killing was part of a "common scheme or plan, or the result of a single act" resulting in multiple victims, and (2) the killings were committed "in the course of, in furtherance of, or in immediate flight from Robbery in the First or Second degree." *Id.* A jury in Snohomish County Superior Court found Mr. Phai guilty of the four charged offenses and, by special verdict, found the firearm enhancements and the two aggravating circumstances. *Id.* At the State's request, the Court during sentencing dismissed the felony-murder charges and sentenced Mr. Phai to life

1    without the possibility of parole. *Id.*

2         In September 2010, the Washington Court of Appeals affirmed Mr. Phai's conviction and

3    sentence but remanded so the judgment and sentence could be corrected to omit any reference to

4    the vacated counts of felony murder. *Id.* at \*7–\*8.  In March 2011, the Washington Supreme

5    Court denied without comment Mr. Phai's petition for review.  SCR, Exh. 15.  The mandate

6    issued in June 2011.  SCR, Exh. 16.

7         In March 2012, Mr. Phai filed a *pro se* personal restraint petition.  SCR, Exh. 18.  The

8    Chief Judge of the Washington Court of Appeals dismissed the petition in a three-page order

9    addressing the merits.  SCR, Exh. 20.  In July 2013, the Commissioner of the Washington

10   Supreme Court denied discretionary review in a two-page ruling that agreed with the state

11   appellate court's PRP determinations.  SCR, Exh. 22.

12        Mr. Phai sent his federal habeas petition in June 2013.  Dkt. 1.  After respondent filed an

13   answer, the Court ordered Mr. Phai to file a signature page for the petition and renoted the

14   petition. Dkt. 14.  Respondent concedes, and the Court agrees, that Mr. Phai exhausted all four

15   of his federal habeas grounds in the state courts: grounds 1, 2, and 3 during his direct appeal and

16   ground 4 during his PRP proceeding.  Dkt. 11, at 7.  The Court agrees with respondent that a

17   vaguely alleged ground 5 need not be addressed—and the petition need not be stayed or

18   dismissed as a mixed petition containing an unexhausted issue—because the purported ground

19   does not satisfy even the rudimentary pleading requirements of Rule 2(c) of the Rules Governing

20   Section 2254 Cases.[1]  *See also* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas

21

---

22   [1] Mr. Phai wrote the following in a top margin: "Ground 5 Was the deception of Appellant inviolate [sic] of the
     Federal and State constitutions." Dkt. 16, at 12.  The Court cannot discern to what conduct Mr. Phai refers,
     particularly because the only "Appellant" in this matter has been Mr. Phai.  For example, Mr. Phai referred to
23   himself as "Appellant" when discussing ground 3.  Dkt. 16, at 9.  If Mr. Phai is, however, referring to the State's
     conduct, he does not indicate what "deception" occurred, and none of his other habeas grounds refers to deception.

1 corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the

2 remedies available in the courts of the State.").

3 **DISCUSSION**

4      Mr. Phai has failed to demonstrate that the state-court adjudication of his habeas grounds

5 was incorrect, let alone that it was contrary to, or an unreasonable application of, established

6 Supreme Court authority, or was based on an unreasonable determination of the facts in light of

7 the evidence presented. *See* 28 U.S.C. § 2254(d)(1)–(2).

8     **1.  There Was Sufficient Evidence of the Robbery Aggravator (Ground 1)**

9      Mr. Phai argues that there was insufficient evidence of the robbery aggravating

10 circumstance that he murdered the victims "in the course of, in furtherance of, or in immediate

11 flight from" a second-degree robbery because there was no evidence that he stole property or

12 committed robbery. Dkt. 16, at 5; *see* RCW §§ 9A.56.190, 9A.56.210. On direct appeal, the

13 state appellate court reasonably rejected Mr. Phai's argument regarding insufficiency of the

14 evidence.

15      Under *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), evidence is sufficient to support a

16 conviction if, "after viewing the evidence in the light most favorable to the prosecution, any

17 rational trier of fact could have found the essential elements of the crime beyond a reasonable

18 doubt." Although federal courts look to state law for the substantive elements of the criminal

19 offense, the minimum amount of evidence that the Due Process Clause requires to prove the

20 offense is purely a matter of federal law. *See Coleman v. Johnson*, __ U.S. __, 132 S. Ct. 2060,

21 2064 (2012) (per curiam); *Jackson*, 443 U.S. at 324 n. 16. It is exceedingly difficult for a

22 petitioner to demonstrate insufficiency of the evidence on federal habeas review:

23         Jackson claims face a high bar in federal habeas proceedings
        because they are subject to two layers of judicial deference. First,

REPORT AND RECOMMENDATON- 4

on direct appeal, "it is the responsibility of the jury—not the court—to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith*, 565 U.S. 1, __, 132 S. Ct. 2, 4 (2011) (per curiam). And second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Ibid.* (quoting *Renico v. Lett*, 559 U.S., 766, __, 130 S. Ct. 1855, 1862 (2010)).

*Coleman*, 132 S. Ct. at 2062.

With respect to Mr. Phai, the Washington Court of Appeals rejected as inconsistent with state supreme court law Mr. Phai's position that it was necessary for the State to prove that aggravated first-degree murder required a completed robbery in order to show that the killings occurred "in the course of" or "in furtherance of" second-degree robbery. *Phai*, 2010 WL 3734059, at *5–*6. The state appellate court held that viewing the testimony of Mr. Phai and of the two friends who assisted him in the light most favorable to the State, a rational trier of fact could conclude that Mr. Phai killed the two victims during a robbery which went awry and was not completed. *Id.* at *6–*7. For example, Mr. Phai confirmed in statements to the police that the murders were committed during a robbery that he committed because he was "broke" and heard that the occupants of the house had large amounts of cash from drug deals. *Id.* at *6. Similarly, Phal Chum testified that Mr. Phai planned to rob the house and kill its occupants and could not be talked into simply restraining whoever was inside during the robbery. *Id.*

It was objectively reasonable for the Washington Court of Appeals to find that there was sufficient evidence to prove the aggravating circumstance that Mr. Phai committed murder in the course of, or in furtherance of, second-degree robbery. To the extent Mr. Phai asserts a perceived error of state law, it is not the province of the federal courts to determine questions of

REPORT AND RECOMMENDATON- 5

state law. *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991). "[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005).

### 2. There Was No Error by Failing to Instruct on Unanimity (Ground 2)

Mr. Phai argues that the trial court erred by not instructing the jury that all 12 jurors had to agree on either "a common scheme or plan," or "a single act" causing multiple deaths, or both, and by providing insufficient information related to this aggravating circumstance. Dkt. 16, at 7; *see* RCW § 10.95.020(10). On direct appeal, the state appellate court declined to reach this argument because sufficient evidence supported the robbery aggravator, and the jury needed to find only one aggravating circumstance to sustain the conviction for aggravated first-degree murder. *Phai*, 2010 WL 3734059, at \*5–\*6.

The Court finds that it was not unreasonable for the state appellate court to decline, as a matter of state law, to reach Mr. Phai's ground 2 argument regarding jury unanimity. Moreover, the Court finds there is no clearly established right to a unanimity instruction when state law permits proof of single element of the crime to be satisfied by several, alternative means. In *Schad v. Arizona*, 501 U.S. 624 (1991), a Supreme Court plurality found no due-process violation from a first-degree murder conviction under instructions that did not require jurors to agree about whether the conviction was based on (a) a premeditated act, or (b) felony murder. The plurality stated that although the petitioner had styled his constitutional challenge as one of jury unanimity under the Sixth, Eighth, and Fourteenth Amendments, it was in reality a due-process challenge because there was no question that the jury was unanimous in determining what the State had proven: that petitioner committed murder *either* with premeditation *or* in the course of committing a robbery. *Id.* at 630–31. "[D]ifferent jurors may be persuaded by

different pieces of evidence, even when they agree on the bottom line. Plainly there is no general requirement that the jury reach agreement on the preliminary factual issues which underlie the verdict." *Schad*, 501 U.S. at 631 (quoting *McKoy v. North Carolina*, 494 U.S. 433, 449 (1990) (Blackmun, J., concurring)) (quotation marks omitted); *see, e.g.*, *Richardson v. United States*, 526 U.S. 813, 817 (1999) ("Where, for example, an element of robbery is force or the threat of force, some jurors might conclude that the defendant used a knife to create the threat; others might conclude he used a gun. But that disagreement—a disagreement about means—would not matter as long as all 12 jurors unanimously concluded that the Government had proved the necessary related element, namely, that the defendant had threatened force."). "If a State's courts have determined that certain statutory alternatives are mere means of committing a single offense, rather than independent elements of the crime, we simply are not at liberty to ignore that determination and conclude that the alternatives are, in fact, independent elements under state law." *Schad*, 501 U.S. at 636. The Washington Supreme Court rejected a challenge identical to Mr. Phai's regarding unanimity related to a "common scheme or plan or single act" aggravating circumstance instruction. *See In re Jeffries*, 752 P.2d 1338, 1344–45 (Wash. 1988). Mr. Phai fails to indicate any other colorable defect in the relevant jury instructions.

In sum, there is no suggestion that the state appellate court erred as a matter of state or federal law in rejecting Mr. Phai's ground 2 argument.

**3. The Question of the Vacated Felony-Murder Convictions Is Moot (Ground 3)**

Mr. Phai argues that the trial court violated the Double Jeopardy Clause by entering a judgment and sentence that refers to the two counts of first-degree felony murder that were dismissed at the time of sentencing. Dkt. 16, at 8. On direct appeal, the Washington Court of Appeals remanded with directions to correct the judgment and sentence to eliminate any

reference to the felony murder counts. *Phai*, 2010 WL 3734059, at *7. Ground 3 is moot

because this issue has already been remedied.

### 4. Jury Instruction 23 Does Not Violate Due Process (Ground 4)

Mr. Phai argues that Jury Instruction 23 violates the Due Process Clause because it

misled the jurors into believing that they must be unanimous before reaching a definite "no" on

the firearm special verdict forms, thereby contradicting *State v. Bashaw*, 234 P.3d 195 (Wash.

2010), and *State v. Ryan*, 252 P.3d 895 (Wash. Ct. App. 2011). Dkt. 16, at 10. In the PRP

proceeding, the state supreme court commissioner and state appellate court's acting chief judge

rejected Mr. Phai's argument as an incorrect statement of the law. SCR, Exhs. 20, 22.

The Court finds that Mr. Phai is incorrect as a matter of state and federal law. In *State v.

Nuñez*, 285 P.3d 21 (Wash. 2012), the Washington Supreme Court overruled the non-unanimity

rule for special verdict forms set forth in *Bashaw* and *Ryan*. In doing so, the state supreme court

quoted the United States Supreme Court for the proposition that the "very object of the jury

system is to secure unanimity by a comparison of views, and by arguments among the jurors

themselves." *Nuñez*, 285 P.3d at 27 (internal quotation marks omitted) (quoting *Jones v. United

States*, 527 U.S. 373, 382 (1990) and *Allen v. United States*, 164 U.S. 492, 501 (1896)).

There is no indication that Jury Instruction 23 violated the Due Process Clause or clearly

established federal law. SCR, Exh. 20, at 1–2; SCR, Exh. 22, at 1. To the extent Mr. Phai

argues that, consistent with *Nuñez*, the jury should have been informed to leave the special

verdict form blank if it could not agree on a verdict, the Court finds that the state supreme court

commissioner did not violate federal law by determining, as a matter of state law, that Mr. Phai

failed to demonstrate that the absence of such an instruction caused actual and substantive

prejudice. *See* SCR, Exh. 22, at 2. As discussed earlier, a federal habeas court does not review

errors in the application of state law.  *See Bradshaw*, 546 U.S. at 76.

## CERTIFICATE OF APPEALABILITY

A prisoner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of the petition only after obtaining a certificate of appealability ("COA") from a district or circuit judge.  A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(3).  A prisoner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Under this standard, the Court finds that no reasonable jurist would disagree with the Court's resolution of Mr. Phai's constitutional claims or would conclude that his issues are adequate to proceed further.  Mr. Phai should address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order.  Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **February 13, 2014.**  The Clerk should note the matter for **February 14, 2014**, as ready for the District Judge's consideration if no objection is filed.  If objections are filed, any response is due within 14 days after being served with the objections.  A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served.  The matter will

REPORT AND RECOMMENDATON- 9

then be ready for the Court's consideration on the date the response is due.  Objections and responses shall not exceed twelve (12) pages.  The failure to timely object may affect the right to appeal.

## CONCLUSION

The Court recommends **DENYING** Mr. Phai's § 2254 habeas petition, **DISMISSING** this matter with prejudice, and **DENYING** issuance of a certificate of appealability.  The Clerk is **DIRECTED** to send to petitioner a copy of this Report and Recommendation, the proposed order, and the proposed judgment.

DATED this 23rd day of January, 2014.

BRIAN A. TSUCHIDA
United States Magistrate Judge